East'n. District.
*May,* 1826.

CLAMAGERAN vs. BUCKS & HEDRICK, AND AL.

CLAMAGERAN
*vs.*
BUCKS & HED-
RICK, AND AL.

APPEAL from the parish court of the parish and city of New-Orleans.

PORTER, J., delivered the opinion of the court. This action was commenced by attachment. An attorney was appointed for the absent debtor; an answer was filed by him, and the cause put at issue.

At this stage of the proceedings Mellon intervened. In his petition he states, that the defendants in this suit were indebted to him, and that he had attached the same property which was levied on in this case. That by reason of these premises he had a right to intervene, and show that the affidavit on which the attachment had issued was not made according to law; that consequently all the proceedings were null and void.

The court below refused to set aside the attachment, and gave judgment for the plaintiff. The intervening party appealed.

We are of opinion the court below did not err. The affidavit contains every substantial

A third party cannot intervene in a suit to plead peremptory exceptions on behalf of the defendant.

East'n District.
*May*, 1826.

CLAMAGERAN
*vs.*
BUCKS & HED-
RICK, AND AL.
averment which the act of the legislature requires; and it is sufficiently positive, for perjury, could be assigned on it, if the affiant swore falsely. We are also of opinion, that an intervening creditor cannot plead peremptory exceptions, the only object of which, is to have the cause dismissed for irregularities in the proceedings. These were matters for the consideration of the defendants, or those who represented them, and if they thought fit to wave a defence which should not be used in a just action, no other party can. It is exercising rights which do not belong to him, and which no law that we are acquainted with confers.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.

*Cuvillier* for the plaintiff, *Watts & Lobdell* for the intervening creditors.